JOHNSON, Appellant, *v.* HENDERSON and PIDWELL, Respondents. .

Where the evidence of one defendant is as available to himself as to his co-defendant, this court has always held, that one is incompetent to testify for the other. And the same rule prevails under like circumstances, where the declaration is in tort, and the defendants are charged as joint tort-feasors.

APPEAL from the District Court of the Fourth Judicial District.

This action was brought by plaintiff against defendants, to recover the value of three horses, which, with three carriages and three sets of harness, were let to the defendant, Henderson, to perform a journey from San Francisco to Angelos, on the 27th November, 1851. And the complaint alleges that by means of the unreasonable, violent, and careless driving of the defendants, one of said horses died during the journey, and that the other two were greatly injured.

Defendant, Pidwell, demurred, and for cause, stated that, as appears by the complaint, this defendant did not hire and receive the said horses, &c., neither was there any contract, express or implied, for the hiring of them, between the said plaintiff and defendant, but that the same were hired, &c., by Henderson alone.

Defendant, Henderson, answered separately, and denied that he made any contract for the hire of said horses, &c., with the defendant, Pidwell; admits that *he* made a contract with the plaintiff for the hire, and that he received the horses, &c., but denies carelessness, &c., in the use or driving; and admits that one horse died, as alleged, but denies all knowledge of injury to either of them while in his possession.

Defendant, Pidwell, also answered, and denied any knowledge of the contract alleged in the complaint, but admits that he received a carriage and two horses from the defendant, Henderson, at the time alleged, and drove them, but denies that he drove them in the careless, &c., manner alleged, and admits that one horse died while in his possession.

The case was referred, and the referee examined several witnesses as to the injury complained of, hard driving, the value of the horses alleged to have been lost and injured, &c.

The defendants, Henderson and Pidwell, were, in the course of the hearing, offered by the defendants as witnesses, each for the other; the referee rejected both witnesses, to which the counsel for the defendants excepted.

The referee found that the defendants had driven the horses, as alleged in the complaint, and the injuries alleged, and found damages for the plaintiff $524 60, for which judgment was entered, and defendants appealed.

The question in the Supreme Court was, as to the admission of the defendants to testify for each other.

*Burnett,* for appellant.

The declaration was not in contract, but in trespass; the referee therefore erred in refusing to admit the defendants to testify, each for the other.

Pidwell was improperly joined. He is not charged with liability on any *contract,* and could not be made liable for the individual torts of Henderson, in which he had no participation.

——, for respondents.

The only question of law has been waived; 1st, by neglect to appeal from the decision of the court on the demurrer; 2d, by filing answers, and by omitting to raise the point below. 6 Hill, 621; 1 Morris, 197, 401; 2 Pike Ark. 330; 1 Spencer, 180; 3 How. 215; 3 Iredell, 249; 3 Con. 662; 2 Cal. R., Porter *v.* Barling, 12th Feb., 1853.

The testimony of a defendant for his co-defendant, is inadmissible, where it goes to establish a joint defence, and enures to the benefit of the witness. 2 Cal. Rep., 10th Feb., 1852, Hoteling *v.* Cronise; Fort & Wife *v.* Gooding's Exrs., N. Y. Court of Appeals, Oct. 1852.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

The declaration is evidently in tort, and the defendants are charged as joint tort-feasors. This being so, it is urged that the

24

court erred in refusing the evidence of the defendants for one another.

The defence is the same, both admitting that they drove the horses, and simply denying that they drove unreasonably or violently. It is very certain, then, that this was the point to be established by their evidence, as they must have been confined to the issue. They were together, each driving in separate vehicles, going the same journey in the same time, and the evidence of each one must have availed himself as much as his co-defendant. When this happens, we have always held the witnesses incompetent. It is probably seldom, in actions of tort, that this will occur, and when it does, it must generally result from the state of the pleadings.

Judgment affirmed.